UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RONNIE PARKER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 4:93CV1372 ACL |
| | ) |
| JASON LEWIS, et. al.,[1] | ) |
| | ) |
| Respondents. | ) |

**<u>MEMORANDUM AND ORDER</u>**

This closed matter under 28 U.S.C. § 2254 is before the Court on Petitioner Ronnie Parker's "Motion for Relief from Judgment Pursuant to Rule 15(c)(1)(B) of the Fed. R. Civ. Proc. And Request To Amend or Supplement Original 2254 Habeas Petition Under Rule 15(d)." (Doc. 47.)  Petitioner has also filed a motion for discovery (Doc. 48), a motion for an evidentiary hearing (49), and a motion for appointment of counsel (Doc. 50).  No response was filed to the motions, and the time to do so has expired.

**I.     Procedural Background[2]**

On March 5, 1990, a jury in the Circuit Court of the City of St. Louis, Missouri, found Petitioner guilty of first degree murder, armed criminal action, and sodomy.  Petitioner was

---

[1]Petitioner is currently incarcerated at the Southeast Correctional Center in Charleston, Missouri. Jason Lewis is the Warden of the Southeast Correctional Center, and as Petitioner's custodian, he is the proper party respondent.  *See* Rule 2(a) of the Rules Governing § 2254 Cases.  The Court also adds Josh Hawley, the Attorney General of the State of Missouri, as a Respondent because the trial court imposed consecutive sentences for the convictions Petitioner is challenging in this proceeding.  *See* Rule 2(b) of the Rules Governing Section 2254 Cases in the United States District Courts (if the challenged state court judgment may subject the petitioner to future custody, the named respondents must be "both the officer who has current custody and the attorney general of the state where the judgment was entered").

[2]Unless otherwise noted, the Court's summary of the procedural background is taken from the exhibits of the state court proceedings Respondent submitted in paper format on January 18, 1994.  (Doc. 7.)

sentenced as a prior offender to a total of life imprisonment without eligibility for parole plus ten years. His convictions were affirmed on appeal. On March 26, 1991, the motion court denied Petitioner's motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15. The decision was affirmed by the Missouri Court of Appeals.

On June 28, 1993, Petitioner filed a petition for writ of habeas corpus in the instant case, asserting that his due process rights were violated at trial by the admission of evidence showing his prior bad acts and character; there was insufficient evidence to support his convictions for sodomy and murder; his trial counsel was ineffective for two reasons; his direct appeal counsel was ineffective for six reasons; and post-conviction appellate counsel was ineffective for two reasons. (Doc. 3.) The claim relevant to the instant Motion is his allegation that he received ineffective assistance of post-conviction appellate counsel because counsel did not argue in his post-conviction appeal that trial counsel was ineffective in failing to raise a claim under *Batson v. Kentucky*, 476 U.S. 79 (1985).

On January 10, 1995, United States Magistrate Judge Lawrence O. Davis issued a Report and Recommendation recommending that the Petition be denied. (Doc. 28.) Judge Davis found that Petitioner's ineffective assistance of post-conviction appellate counsel claims could not constitute the basis for federal habeas corpus relief because there was no constitutional right to effective assistance of post-conviction appellate counsel. On September 22, 1995, the Court[3] adopted the Report and Recommendation over the objections of Petitioner. (Doc. 34.) As to Petitioner's ineffective assistance of post-conviction appellate counsel based on *Batson*, the Court agreed with Judge Davis that the claim failed because there is no right to counsel in a post-conviction proceeding. The Court continued that, even if the Court were to reach the merits of this claim, it would fail because post-conviction appellate counsel *did* pursue a *Batson* claim in

---
[3]The Honorable Donald J. Stohr, Retired United States District Judge.

St. Louis Circuit Court, which was denied after a full hearing. The Court therefore found that, even on the merits, Petitioner's claim failed.

Petitioner appealed the denial of his Petition to the Eighth Circuit Court of Appeals. (Doc. 37.) The Eighth Circuit affirmed the judgment of this Court denying the Petition. (Doc. 40.)

On October 30, 2017, Petitioner filed the instant "Motion for Relief from Judgment Pursuant to Rule 15(c)(1)(B) of the Fed. R. Civ. Proc. And Request To Amend or Supplement Original 2254 Habeas Petition Under Rule 15(d)." In his Motion, Petitioner states that he "moves this honorable court to allow him to proceed under his originally filed cause number 4:93CV1372DJS to present new United States Supreme Court authority that support reconsidering his ineffective assistance of trial counsel claim based on *Batson*, that was ruled via a Procedur[al] Default." (Doc. 47 at 1.) This matter was reassigned to the undersigned United States Magistrate Judge on October 31, 2017, due to the retirement of Judge Stohr. (Doc. 51.)

## II. Discussion

Petitioner requests leave to amend or supplement his original Petition under Federal Rule of Civil Procedure 15. Rule 15, however, does not apply in the instant case that was closed in 1995 after the denial of the Petition. The Court instead construes Petitioner's Motion as a request to reopen his habeas corpus action under Rule 60(b)(6).

A court may grant relief under Rule 60(b)(6) for "any other reason that justifies relief" when a motion is made "within a reasonable time." Fed. R. Civ. P. 60(b)(6). "Rule 60(b) authorizes relief in only the most exceptional of cases." *Int'l Bhd. of Elec. Workers, Local Union No. 545 v. Hope Elec. Corp.*, 293 F.3d 409, 415 (8th Cir. 2002). A movant seeking relief under Rule 60(b)(6) is required to show "extraordinary circumstances" justifying the reopening of a final judgment. *Ackermann v. United States,* 340 U.S. 193, 199 (1950); *accord*, *id.,* at 202;

*Liljeberg v. Health Services Acquisition Corp.,* 486 U.S. 847, 864 (1988); *id.,* at 873 (Rehnquist, C. J., dissenting) ("This very strict interpretation of Rule 60(b) is essential if the finality of judgments is to be preserved"). Such circumstances will rarely occur in the habeas context. *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).

Petitioners sometimes request relief under Rule 60(b) when the motion is more properly characterized as a successive § 2254 petition. *See, e.g.*, *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002). However, a state prisoner may file a second or successive motion under § 2254 only after obtaining authorization to do so from the appropriate United States Court of Appeals. 28 U.S.C. § 2244(b)(3). Where a prisoner files a Rule 60(b) motion following the dismissal of a habeas petition, the district court must determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under 28 U.S.C. § 2254. *Boyd*, 304 F.3d at 814. If the Rule 60(b) motion "is actually a second or successive habeas petition, the district court should dismiss it for failure to obtain authorization from the Court of Appeals or, in its discretion, may transfer the motion...to the Court of Appeals." *Id.* "It is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254...action by purporting to invoke some other procedure." *United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005).

A Rule 60(b) motion that merely alleges a defect in the integrity of the habeas proceedings is not a second or successive habeas petition. *See Gonzalez*, 545 U.S. at 535-36. A Rule 60(b) motion is also not a successive habeas petition if it "merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id.* at 532 n.4. However, a Rule 60(b) motion is a successive petition if it contains a claim, which is defined as an "asserted federal basis for relief" from a judgment of conviction or as an attack on the "federal court's previous

resolution of the claim on the merits." *Id.* at 530, 532. "On the merits" refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." *Id.* at 532 n.4. When a Rule 60(b) motion presents such a claim, it must be treated as a second or successive habeas petition.

In his Motion, Petitioner seeks to reopen his case only as to his ineffective assistance of post-conviction appellate counsel based on trial counsel's failure to raise a *Batson* challenge. Petitioner contends that his case should be reopened because, since the filing of his original Petition, the United States Supreme Court has decided *Martinez v. Ryan*, 566 U.S. 1 (2012). He claims that a merits review of his claim is warranted because he has established cause to overcome any procedural default caused by post-conviction counsel.

*Martinez* provides that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez*, 566 U.S. at 9. However, as this Court recently explained, the *Martinez* decision does not constitute extraordinary circumstances warranting Rule 60(b) relief. *See DeJournett v. Luebbers,* No. 4:01–CV–1341 (CEJ), 2014 WL 81837, at *4 (E.D. Mo. Jan. 9, 2014).

More importantly, *Martinez* only applies to preserve underlying ineffective assistance of *trial counsel* claims. 566 U.S. at 9. Contrary to his allegations in the instant Motion, Petitioner did not raise an ineffective assistance of trial counsel claim with regard to trial counsel's failure to raise a *Batson* challenge. Rather, in the original Petition, he only raised an ineffective assistance of *post-conviction appellate counsel* related to this issue. In addition, the Court did not, as Petitioner suggests, find that his ineffective assistance of post-conviction appellate counsel claim was procedurally defaulted. Instead, the Court found that it was non-cognizable in this federal habeas action as there was no right to counsel in a post-conviction proceeding. (Doc. 34.) The

*Martinez* decision does not change the ruling in *Coleman* that there is no constitutional right to an attorney in state post-conviction proceedings, and thus a petitioner cannot claim ineffective assistance of counsel in such proceedings. *Coleman v. Thompson,* 501 U.S. 722, 752 (1991); *see Martinez,* 566 U.S. at 16 (concluding that "[T]he rule of *Coleman* governs in all but the limited circumstances recognized here"). Because *Martinez* is inapplicable to Petitioner's claim, he has failed to demonstrate extraordinary circumstances justifying Rule 60(b) relief.

Further, in denying the original Petition, the Court also found that the claim at issue failed because post-conviction appellate counsel *did* pursue a *Batson* claim in St. Louis Circuit Court, which was denied after a full hearing. The Court therefore found that, even on the merits, Petitioner's claim failed. As a result, Petitioner is presenting constitutional claims that were presented in his original habeas petition, and is seeking successive habeas review. *Gonzalez,* 545 U.S. at 529-30; 28 U.S.C. § 2244(b)(1). Petitioner has not, however, obtained authorization from the Eighth Circuit Court of Appeals to file a successive habeas petition. Thus, Petitioner's Motion will be dismissed as a successive habeas petition.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's "Motion for Relief from Judgment Pursuant to Rule 15(c)(1)(B) of the Fed. R. Civ. Proc. And Request To Amend or Supplement Original 2254 Habeas Petition Under Rule 15(d)" (Doc. 47) is **dismissed for lack of jurisdiction** as a second or successive habeas petition.

**IT IS FURTHER ORDERED** that all other pending motions (Docs. 48, 49, 50) are **denied as moot**.

Dated: February 5, 2018.

/s/ Abbie Crites-Leoni
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE