UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RONNIE PARKER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 4:93CV1372 ACL |
| | ) |
| JASON LEWIS, et. al., | ) |
| | ) |
| Respondents. | ) |

## **MEMORANDUM AND ORDER**

This closed matter under 28 U.S.C. § 2254 is before the Court on Petitioner Ronnie Parker's "Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. Proc. Rule 59(e)." (Doc. 57.) No response was filed to the Motion, and the time to do so has expired.

In a Memorandum and Order dated February 5, 2018, the Court dismissed Petitioner's request for leave to amend or supplement his Petition filed in 1993 for lack of jurisdiction, finding it was in fact a second or successive habeas petition. (Doc. 56.) Petitioner now requests that the Court vacate that Memorandum and Order.

Motions to alter or amend a judgment brought pursuant to Rule 59(e) "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (citations omitted). They cannot be used to introduce evidence that could have been offered during the pendency of the motion, or "to raise arguments which could have been raised prior to the issuance of the judgment." *Preston v. City of Pleasant Hill*, 642 F.3d 646, 652 (8th Cir. 2011). A district court has "broad discretion" in determining whether to grant a Rule 59(e) motion. *Briscoe v. Cty. of St. Louis, Mo.*, 690 F.3d 1004, 1015 (8th Cir. 2012).

The Court has reviewed Plaintiff's Motion and finds it does not contain any new evidence or arguments which could not have been presented previously. Thus, the Court will deny Petitioner's Motion.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. Proc. Rule 59(e) (Doc. 57) is **denied**.

Dated: April 19, 2018.

/s/ Abbie Crites-Leoni
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE